# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LOUISIANA SHRIMP ASSOCIATION;
JOHN BROWN, LARRY J. HELMER JR.,
PENNY ZAR,

       Plaintiffs,

         v.

JOSEPH R. BIDEN, JR. in his official
capacity as President of the United States;
GINA RAIMONDO, in her official capacity
as UNITED STATES SECRETARY OF
COMMERCE; NATIONAL MARINE
FISHERIES SERVICE;

       Defendants.

No. 24-cv-00156

JUDGE: Judge Jane Triche Milazzo
MAGISTRATE JUDGE: Judge Donna
Phillips Currault

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, by and through the undersigned counsel, submit the following Answer in response to Plaintiffs' Amended Complaint. ECF No. 9.

The paragraph headings in this Answer correspond to the paragraph headings in Plaintiffs' Amended Complaint and are included solely for the purpose of providing convenient reference to the Amended Complaint. The headings are not part of Defendants' answer to the allegations. Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

## INTRODUCTION

1. The allegations contained in Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. The allegations in the first sentence of Paragraph 2 purport to characterize the contents of the 2019 final rule, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied. The allegations in the second sentence of Paragraph 2 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations in the first and second sentences of Paragraph 3 purport to characterize the contents of the sea turtle conservation regulations in place prior to the 2019 final rule, 50 C.F.R. § 223.206 (2018), which speak for themselves and are the best evidence of their

contents; any allegations contrary to their plain meaning, language, and context are denied. The allegations in the third and fourth sentences of Paragraph 3 purport to characterize the contents of the 2019 final rule, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied. The allegations in the fifth sentence of Paragraph 3 purport to characterize the contents of the delayed effective date rule, 86 Fed. Reg. 16,676 (March 31, 2021), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied. Defendants admit the allegation in the sixth sentence of Paragraph 3 that NMFS did not further delay the effective date of the final rule. The remaining allegations in Paragraph 3 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.      The allegations contained in Paragraph 4 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

5.      The allegations contained in Paragraph 5 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

6.      The allegations contained in Paragraph 6 constitute Plaintiffs' characterization of their case and requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**PARTIES**

7.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 7, and the allegations are therefore denied.

8.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 8, and the allegations are therefore denied.

9.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 9, and the allegations are therefore denied.

10.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 10, and the allegations are therefore denied.

11.     Defendants admit the allegations contained in the first sentence of Paragraph 11. The allegations contained in the second sentence of Paragraph 11 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

12.     Defendants admit the allegations contained in the first sentence of Paragraph 12. The allegations contained in the second sentence of Paragraph 12 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

13.     With regard to the allegations contained in Paragraph 13, Defendants admit that NMFS is an office within the National Oceanic and Atmospheric Administration (NOAA), a bureau within the United States Department of Commerce. The remainder of the allegations contained in Paragraph 13 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

14.     The allegations contained in Paragraph 14 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

15.     The allegations contained in Paragraph 15 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

16.     The allegations contained in Paragraph 16 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

17.     The allegations contained in Paragraph 17 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

18.     The allegations contained in Paragraph 18 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

19.     The allegations contained in Paragraph 19 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

20.     The allegations contained in Paragraph 20 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

## FACTUAL BACKGROUND

### The Statutory Framework

21.     The allegations contained in Paragraph 21 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

22.     The allegations contained in Paragraph 22 purport to characterize the contents of the APA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. To the extent a response is required, Defendants deny the allegations.

23.     The allegations contained in Paragraph 23 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

24.     The allegations contained in Paragraph 24 purport to characterize the contents of the ESA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

25.     The allegations contained in Paragraph 25 purport to characterize the contents of the ESA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**The 1987 Rulemaking**

26.     The allegations contained in Paragraph 26 purport to characterize the contents of the 1987 Proposed TED Rule, 52 Fed. Reg. 6,179 (Mar. 2, 1987), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

27.     The allegations contained in Paragraph 27 purport to characterize the contents of the 1987 Proposed TED Rule, 52 Fed. Reg. 6,179, (Mar. 2, 1987), which speaks for itself and is

the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

28.     The allegations contained in the first and second sentences of Paragraph 28 purport to characterize the contents of the 1987 Final TED Rule, 52 Fed. Reg. 24,244 (June 29, 1987), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.   The allegations contained in the third sentence of Paragraph 28 constitute Plaintiffs' characterizations of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

29.     The allegations contained in Paragraph 29 purport to characterize the contents of the 1987 Final TED Rule, 52 Fed. Reg. 24,244 (June 29, 1987), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

30.     The allegations contained in Paragraph 30 purport to characterize the contents of the 1987 Final TED Rule, 52 Fed. Reg. 24,244 (June 29, 1987), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**Rule Withdrawal**

31.     The allegations contained in Paragraph 31 purport to characterize the contents of the 2012 Proposed TED Rule, 77 Fed. Reg. 27,411 (May 10, 2012), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

32.     The allegations contained in Paragraph 32 purport to characterize the contents of the 2012 Proposed TED Rule, 77 Fed. Reg. 27,411 (May 10, 2012), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

33.     The allegations contained in Paragraph 33 purport to characterize the contents of the 2013 Proposed TED Rule Withdrawal Notice, 78 Fed. Reg. 9,024 (Feb. 7, 2013), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

34.     The allegations contained in Paragraph 34 purport to characterize the contents of the 2013 Proposed TED Rule Withdrawal Notice, 78 Fed. Reg. 9,024 (Feb. 7, 2013), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**The 2014 Opinion**

35.     The allegations contained in Paragraph 35 purport to characterize the contents of the 2014 Shrimp Biological Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**The 2016 Rulemaking and 2019 Final Rule**

36.     The allegations contained in Paragraph 36 purport to characterize the contents of the 2016 Proposed TED Rule, 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

37.     The allegations in Paragraph 37 purport to characterize the contents of the 2016 Proposed TED Rule, 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best

evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

38. The allegations contained in Paragraph 38 purport to characterize the contents of the 2016 Proposed TED Rule, 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

39. The allegations contained in Paragraph 39 purport to characterize the contents of a comment submitted by the Louisiana Shrimp Association in response to the 2016 Proposed TED Rule, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

40. The allegations contained in Paragraph 40 purport to characterize the contents of a comment submitted by the Louisiana Shrimp Association in response to the 2016 Proposed TED Rule, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

41. The allegations contained in Paragraph 41 purport to characterize the contents of a comment submitted by the Louisiana Shrimp Association in response to the 2016 Proposed TED Rule, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

42. The allegations contained in Paragraph 42 purport to characterize the contents of a comment submitted by the Louisiana Department of Wildlife and Fisheries in response to the 2016 Proposed TED Rule, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

43.     The allegations contained in Paragraph 43 purport to characterize the contents of a comment submitted by the Louisiana Department of Wildlife and Fisheries in response to the 2016 Proposed TED Rule, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

44.     The allegations contained in Paragraph 44 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

45.     The allegations contained in the first sentence of Paragraph 45 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048, 70,050 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  The remaining allegations contained Paragraph 45 purport to characterize the contents of NOAA Technical Memorandum NMFS-OPR-53, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

46.     The allegations contained in Paragraph 46 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

47.     The allegations contained in Paragraph 47 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

48.     The allegations contained in Paragraph 48 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

49.     The allegations contained in Paragraph 49 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

50.     The allegation contained in the first sentence of Paragraph 50 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 50 purport to characterize the contents of NOAA Technical Memorandum NMFS-SEFSC 666, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

51.     The allegations contained in Paragraph 51 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**The March 2021 Delay Rule**

52.     The allegations contained in Paragraph 52 purport to characterize the contents of the 2021 Delay of Effective Date Rule, 86 Fed. Reg. 16,676, 16,677 (Mar. 31, 2021), which

speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

**The April 2021 Advance Notice of Proposed Rulemaking**

53.     The allegations contained in Paragraph 53 purport to characterize the contents of the 2021 Advance Notice of Proposed Rulemaking, 86 Fed. Reg. 20,475 (Apr. 20, 2021), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

54.     The allegations contained in Paragraph 54 purport to characterize the contents of a May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

55.     The allegations contained in the first sentence of Paragraph 55 purport to characterize the contents of a May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  With regard to the allegations contained in the second sentence of Paragraph 55, Defendants deny that the May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries constituted a petition "for the issuance, amendment, or repeal of a rule," pursuant to the APA, 5 U.S.C. § 553(e).  The remaining allegations contained in the second sentence of Paragraph 55 purport to characterize the contents of a May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

56. With regard to the allegations contained in Paragraph 56, Defendants admit that there has been no response prepared for the comments submitted in response to the 2021 Advance Notice of Proposed Rulemaking. The remaining allegations contained in Paragraph 56 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

57. Defendants admit the allegations contained in the first sentence of Paragraph 57. Defendants deny the allegations contained in the second sentence of Paragraph 57. With regard to the allegations contained in the third sentence of Paragraph 57, Defendants admit that the season began with a new TED requirement for skimmer vessels at least 40 feet in length. The remaining allegations contained in Paragraph 57 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

58. Defendants deny the allegations contained in the first sentence of Paragraph 58. The allegations contained in the second and third sentences of Paragraph 58 purport to characterize an unspecified LDWF bycatch study, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

59. The allegations contained in the first, second, and third sentences of Paragraph 59 purport to characterize various filings in *State of Louisiana ex rel. Dep't of Wildlife & Fisheries v. Raimondo*, No. 2:21-cv-01523, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied. The allegations contained in the fourth sentence of Paragraph 59 purport to characterize *Louisiana v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872 (5th Cir. 2023), which speaks for itself and is

the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied. The allegations contained in the fifth sentence of Paragraph 59 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

## HARM TO PLAINTIFFS

60.     The allegations contained in the first and second sentences of Paragraph 60 are too vague and ambiguous to permit a response, and on that basis, are denied.  The allegations contained in the third sentence of Paragraph 60 purport to characterize unspecified reports of WBRZ and *The Advocate*, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

61.     The allegations contained in Paragraph 61 purport to characterize the contents of the referenced economic analysis, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

62.     Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 62, and the allegations are therefore denied.   The allegations contained in the second sentence of Paragraph 62 purport to characterize the contents of the 2019 final rule, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.

63.     The allegations contained in Paragraph 63 are too vague and ambiguous to permit a response, and on that basis, are denied.

64.     The allegations contained in Paragraph 64 are too vague and ambiguous to permit a response, and on that basis, are denied.

65.     The allegations contained in the first sentence of Paragraph 65 purport to characterize the contents of the 2021 Advance Notice of Proposed Rulemaking, 86 Fed. Reg. 20,475 (Apr. 20, 2021), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 65 are too vague and ambiguous to permit a response, and on that basis, are denied.

66.     The allegations contained in Paragraph 66 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Violation of the Administrative Procedure Act's
### Arbitrary and Capricious Provision

67.     Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 66 above.

68.      The allegations contained in Paragraph 68 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  Additionally, the allegations contained in Paragraph 68 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

69.     The allegations contained in the first sentence of Paragraph 69 purport to characterize the contents of the APA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  The

14

remaining allegations contained in Paragraph 69 purport to characterize *Texas v. United States*, No. 6:21-CV-00003, 2021 WL 723856 (S.D. Tex. Feb. 23, 2021), *opinion amended and superseded*, 524 F. Supp. 3d 598 (S.D. Tex. 2021), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

70.     The allegations contained in the first and second sentences of Paragraph 70 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The allegations contained in the third and fourth sentences of Paragraph 70 purport to characterize the contents of the sea turtle conservation regulations prior to the 2019 Final TED Rule, 50 C.F.R. § 223.206(d) (2018), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

71.     The allegations contained in Paragraph 71 purport to characterize the contents of the sea turtle conservation regulations prior to the 2019 Final TED Rule, 50 C.F.R. § 223.206(d) (2018), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

72.     The allegations contained in the first sentence of Paragraph 72 purport to characterize *State of La. ex rel. Guste v. Verity*, 853 F.2d 322, 330–31 (5th Cir. 1988), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied. The allegations contained in the second sentence of Paragraph 72 purport to characterize the contents of the sea turtle conservation regulations prior to the 2019 Final TED Rule, 50 C.F.R. § 223.206(d) (2018), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and

context are denied. The allegations in the third sentence of Paragraph 72 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 72 purport to characterize *State of La. ex rel. Guste v. Verity*, 853 F.2d 322, 330–31 (5th Cir. 1988), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.

73.     The allegations contained in the first, second, and third sentences of Paragraph 73 purport to characterize the contents of the 1987 Final TED Rule, 52 Fed. Reg. 24,244 (June 29, 1987), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  The remaining allegations contained in Paragraph 73 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

74.     The allegations contained in the first and second sentences of Paragraph 74 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary.  To the extent a response is required, Defendants deny the allegations. The allegations contained in the third sentence of Paragraph 74 purport to characterize *Am. Wild Horse Pres. Campaign v. Perdue*, 873 F.3d 914 (D.C. Cir. 2017) and *Dillmon v. Nat'l Transp. Safety Bd.*, 588 F.3d 1085 (D.C. Cir. 2009), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning, language, and context are denied.

75.     The allegations in the first sentence of Paragraph 75 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The remaining allegations contained in Paragraph 75 purport to characterize the contents of the 2013 Proposed TED Rule Withdrawal Notice, 78 Fed.

Reg. 9,024, 9,025-26 (Feb. 7, 2013), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

76.     The allegations in Paragraph 76 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

77.     The allegations in the first and second sentences of Paragraph 77 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The allegations in the third and fourth sentences of Paragraph 77 constitute legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The allegations contained in the third sentence of Paragraph 77 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. The allegations contained in the fourth sentence of Paragraph 77 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations contained in the fourth sentence of Paragraph 77 purport to characterize *Inv. Co. Inst. V. U.S. Commodity Futures Trading Comm'n*, 891 F.Supp.2d 162 (D.D.C. 2012), *as amended* (Jan. 2, 2013), *aff'd sum nom.* 720 F.3d 370 (D.C. Cir. 2013), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  The allegations contained in the fifth sentence of Paragraph 77 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations contained in the fifth sentence of Paragraph 77 purport to characterize *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009) and *Dep't of*

*Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020), which speak for themselves and are the best evidence of their contents; any allegations contrary to its plain language, meaning, and context are denied.

78.     The allegations contained in the first and second sentences of Paragraph 78 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048, 70,050 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.  The remaining allegations in Paragraph 78 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary.  To the extent a response is required, Defendants deny the allegations.

79.     The allegations contained in Paragraph 79 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

80.     The allegations contained in Paragraph 80 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations in Paragraph 80 purport to characterize the contents of *Music Choice v. CRB*, 970 F.3d 418, 429 (D.C. Cir. 2020) and *Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*, 574 F.3d 748, 767 (D.C. Cir. 2009), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

### Reliance Interests

81.     The allegations contained in the first sentence of Paragraph 81 constitute Plaintiffs' legal conclusions, to which no answer is necessary.  To the extent a response is

required, Defendants deny the allegations. The allegations contained in the second sentence of Paragraph 81 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations contained in the second sentence of Paragraph 81 purport to characterize the contents of the 2019 Final TED Rule, 84 Fed. Reg. 70,048, 70,050 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

82. The allegations contained in Paragraph 82 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations in Paragraph 80 purport to characterize the contents of *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

83. The allegations contained in the first sentence of Paragraph 83 constitute Plaintiffs' characterization of their case, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations contained in the first sentence of Paragraph 83 are too vague and ambiguous to permit a response, and on that basis, are denied. The allegations contained in the second sentence of Paragraph 83 purport to characterize the contents of a May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. With regard to the allegations contained in the third sentence of Paragraph 83, Defendants deny that the May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries constituted a

petition "for the issuance, amendment, or repeal of a rule," pursuant to the APA, 5 U.S.C. § 553(e).

84.     The allegations contained in Paragraph 84 purport to characterize an unspecified LDWF bycatch study, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

85.     With regard to the allegations contained in the first sentence of Paragraph 85, Defendants deny that the May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries constituted a petition "for the issuance, amendment, or repeal of a rule," pursuant to the APA, 5 U.S.C. § 553(e). The allegations contained in the second sentence of Paragraph 85 purport to characterize an unspecified LDWF bycatch study, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

86.     The allegations contained in Paragraph 86 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations.

87.     The allegations contained in the first sentence of Paragraph 87 are too vague and ambiguous to permit a response, and on that basis, are denied.  Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 87, and the allegations are therefore denied.

88.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 88, and the allegations are therefore denied.

**SECOND CAUSE OF ACTION**
**Violation of Plaintiffs' Rights Under the**
**Commerce Clause and Major Questions Doctrine**

89.	Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 88 above.

90.	With regard to the first sentence of Paragraph 90, Defendants admit that the 2019 Final Rule will regulate skimmer trawl vessels. The remaining allegations in the first sentence of Paragraph 90 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations in the first sentence of Paragraph 90 purport to characterize the contents of a May 2021 comment letter submitted by Louisiana Department of Wildlife and Fisheries, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. The allegations in the second sentence of Paragraph 90 constitute legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations in Paragraph 90 purport to characterize the contents of *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) an*d United States v. Morrison*, 529 U.S. 598, 608 (2000), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

91.	The allegations contained in Paragraph 91 constitute Plaintiffs' legal conclusions, to which no answer is necessary. To the extent a response is required, Defendants deny the allegations. Additionally, the allegations contained in the third sentence of Paragraph 91 purport to characterize the contents of *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 172-73 (2001), *United States v. Bass*, 404 U.S. 336 (1971), and *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058 (5th Cir. 1984), which speak for themselves and are the best

evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

## **PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Request for Relief, to which no answer is necessary. To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## **GENERAL DENIAL**

Defendants deny any allegations contained in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation contained in Plaintiffs' Complaint remains unanswered, Defendants deny such allegations.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.


DATED: March 29, 2024


TODD KIM
Assistant Attorney General
S. JAY GOVINDAN
Section Chief
MEREDITH L. FLAX
Deputy Section Chief

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

22

P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: [shampa.panda@usdoj.gov](mailto:shampa.panda@usdoj.gov)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

_/s/ Shampa A. Panda_